UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBA FERNANDEZ,

    Plaintiff,

v.                                                    CASE NO. 8:12-CV-2539-T-17TGW

CERES MARINE TERMINALS,
INC., etc.,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 5   Motion to Remand
Dkt. 9   Response
Dkt. 10  Memorandum

    This case was removed from the Hillsborough County Circuit Court on November 8, 2012 on the basis of admiralty jurisdiction. The Complaint includes a claim for Plaintiff's personal injuries sustained on August 14, 2011 when Plaintiff, as a business invitee, was on the premises owned, operated, managed and in control of Defendant Ceres Marine Terminals, Inc., and Defendant's agent, servant and/or employee placed a hand truck behind Plaintiff without her knowledge, causing Plaintiff to trip over the hand truck and fall to the ground. As Defendant's agent, servant and/or employee tried to help Plaintiff Fernandez back to her fee, Defendant's agent, servant and/or employee stepped on the hand truck, crushing Plaintiff's fingers, which were still beneath the hand truck. Plaintiff Fernandez alleges that Defendant negligently failed to maintain its premises in a reasonably safe condition, and negligently failed to correct the dangerous condition of which Defendant either knew or should have known by the use of

Case No. 8:12-CV-2539-T-17TGW

reasonable care, and negligently failed to warn Plaintiff Fernandez of the dangerous condition created thereby.

In the Notice of Removal, Defendant alleges that Plaintiff Fernandez sustained injuries when she was lawfully utilizing the Tampa Port Authority facilities before embarking on a passenger cruise ship. Defendant alleges that, based on the relevant facts and applicable law, this action arises under the laws of the United States within the meaning of 28 U.S.C. Sec. 1333, which provides that federal courts have original jurisdiction over admiralty and maritime cases, "saving to suitors in all cases all other remedies to which they are otherwise entitled."

I. Removal

Defendant bears the burden of establishing that removal is proper pursuant to 28 U.S.C. Sec. 1441. "The defendant must prove the jurisdictional requirements for removal by a preponderance of the evidence." Leonard v. Enter. Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). Removal statutes are construed narrowly; uncertainties as to jurisdiction are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

II. Motion to Remand

Plaintiff Fernandez argues that admiralty cases are not federal questions cases for purposes of removal under Sec. 1441. Sec. 1441 permits the removal of an admiralty cases only if there is diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000, or if the case arises under a federal question other than admiralty law. See Romero v. International Terminal Operating Co., 358 U.S. 354 (1959). Plaintiff Fernandez argues that the amount in controversy does not exceed $75,000.

2

Case No. 8:12-CV-2539-T-17TGW

    Plaintiff Fernandez further argues that this case is not governed by admiralty law. A party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. Sec. 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity. <u>Grubart v. Great Lakes Dredge & Dock Co.</u>, 513 U.S. 527 (1995). To satisfy the location test, the underlying injury must occur on navigable waters or must have been caused by a ship. Plaintiff argues that Plaintiff was injured by the conduct of a terminal porter, who was not under the control of a ship or its crew, and the incident occurred on firm ground and not on navigable waters. Plaintiff argues that the Court lacks an independent basis for admiralty jurisdiction, and since this Court lacks subject matter jurisdiction under 28 U.S.C. Sec. 1333, this case should be remanded.

    Defendant Ceres responds that there is admiralty jurisdiction because the conditions of both location and connection with maritime activity are satisfied; the accident occurred at the Tampa Port involving porters when Plaintiff was in the process of boarding the cruise ship. Defendant Ceres relies on Plaintiff's response to Interrogatory No. 8.

    Defendant argues that the following facts establish admiralty jurisdiction: 1) the subject terminal is adjacent to the cruise ship and is used by cruise passengers to embark and disembark the cruise ships; 2) the porter who allegedly caused the subject accident was employed by Defendant Ceres to handle and transport the cruise ship passengers' luggage to and from the cruise ships; 3) the porter who allegedly caused the subject accident when he was performing his duties and had approached Plaintiff Fernandez to assist her with her luggage at the terminal prior to Plaintiff embarking the cruise ship to go on a seven day cruise; 4) Plaintiff Fernandez alleges she stepped back and tripped on the hand truck, which was in the custody and control of the porter employed by Defendant Ceres; 5) Plaintiff Fernandez alleges she fell to the ground and had her hand pinched with the hand truck; and 6) Plaintiff Fernandez alleges that when the porter tried to help her back to her feet, he stepped on the hand truck, further

Case No. 8:12-CV-2539-T-17TGW

crushing her finger beneath the hand truck.

Defendant Ceres argues that this case is like Doe v. Celebrity Cruises, Inc., 394 F.3d 891 (11th Cir. 2004). In Doe, the Eleventh Circuit Court of Appeals concluded that admiralty jurisdiction extended to the land-based location of the sexual battery of a cruise passenger by a crew member where: 1) the stop was in a scheduled port of call; 2) the stop was an integral part of the ongoing cruise or maritime activity in this case; 3) the sexual battery occurred very close to the docked ship; 4) the cruise ship allowed passengers to come and go from the ship as they elected when it was docked at the port of call.

Defendant argues that the above facts create a substantial relationship with maritime activity to support the extension of admiralty jurisdiction to the terminal, where the subject accident occurred. Defendant argues that the embarking of passengers to a cruise ship and the loading of luggage on a cruise ship is a traditional maritime activity. Defendant further argues that the failure to apply admiralty and maritime law to this traditional maritime activity has the potential to disrupt maritime commerce.

III. Discussion

The Court has an independent duty to ensure that admiralty jurisdiction exists before applying admiralty law; admiralty jurisdiction is a prerequisite for applying admiralty law. Norfolk Southern Railway Co. v. Kirby, 543 U.S. 14 (2004).

A. Location Test

Plaintiff Fernandez had reservations for a cruise with Carnival Cruise Line, which was scheduled to depart from the Tampa port terminal. On August 14, 2011, Plaintiff Fernandez arrived at the Tampa port terminal, and got out of her car to drop off her

Case No. 8:12-CV-2539-T-17TGW

luggage before parking her car. As Plaintiff stepped back with her luggage, Plaintiff tripped on the hand truck that Plaintiff did not know was behind her, fell to the ground, and caught her right hand beneath the hand truck. When the porter tried to help Plaintiff to her feet, the porter stepped on the hand truck, injuring Plaintiff's right middle finger.

As the Court understands the facts of the accident, Plaintiff was next to her car where it was stopped in front of the Tampa port terminal, intending to drop her luggage with a porter and then go to park her car prior to getting on the Carnival Cruise Line cruise ship. In other words, Plaintiff Fernandez was not on the gangway to the cruise ship, but on a roadway in front of the terminal. "As a general proposition, the admiralty courts have found that a ship's gangway is the dividing line which separates sea based claims from land based claims. Usually, however, docks, piers and other permanent attachments to the land are considered extensions of the land and, therefore, injuries occurring on them, unless caused by the vessel, do not fall within admiralty jurisdiction." Dobrovich v. Hotchkiss, 14 F.Supp.2d 232, 234 (D. Conn. 1992); see also Wiper v. Great Lakes Engineering Works, 340 F.2d 727 (6th Cir. 1965), cert. denied 282 U.S. 812 (1965)(finding docks and wharves constitute extensions of land and court has no admiralty jurisdiction over claims that arise from incidents occurring on them).

The Court notes that the subject accident happened before Plaintiff Fernandez embarked on the cruise for which Plaintiff had a reservation. The factual scenario in this case is significantly different from the facts in Doe v. Celebrity Cruises, Inc., supra, where the tortious incident occurred on land at a scheduled port of call during a cruise.

After consideration, the Court concludes that the tort occurred entirely on land and not on navigable waters, and was not caused by a vessel on navigable water. Therefore, the locality test has not been met. In order to have admiralty jurisdiction, both the locality test and nexus test must be met. The Court does not have admiralty

Case No. 8:12-CV-2539-T-17TGW

jurisdiction over Plaintiff's claim, and therefore the Court will grant Plaintiff's Motion for Remand. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Remand (Dkt. 5) is **granted**. The Clerk of Court shall remand this case to the Hillsborough County Circuit Court. All other pending motions are **denied** without prejudice.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 17th day of April, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record